**PHILLIPS DAYES**
NATIONAL EMPLOYMENT LAW FIRM
*A Professional Corporation*

3101 North Central Avenue, Suite 1500
Phoenix, Arizona 85012
Telephone: 1-800-JOB-LAWS
docket@phillipsdayeslaw.com
TREY DAYES, No. 020805
SEAN DAVIS, No. 030754
(602) 288-1610 ext. 301
Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| Daniel Curry; Tyrone Harris; Nicholas Mason; and Tyechia Webb; Individually and on behalf of others similarly situated<br><br>Plaintiffs,<br><br>vs.<br><br>Amazon.com, Inc., a Delaware Corporation; Courier Logistics Services, L.L.C. a Florida limited liability company;<br><br>Defendant. | Case No.:<br><br>**COLLECTIVE ACTION COMPLAINT**<br><br>**JURY DEMAND** |

Plaintiffs, Daniel Curry, Becky Lawrence, Nicholas Mason, Tyechia Webb, and all similarly situated employees ("Plaintiffs and all similarly situated employees"), on behalf of themselves and other employees and former employees similarly situated ("Plaintiffs and all similarly situated employees and all similarly situated former employees"), for their Complaint against Defendants allege as follows:

## NATURE OF THE CASE

1. The Fair Labor Standards Act ("FLSA") is designed to eliminate "labor conditions detrimental to the maintenance of the minimum standard of living necessary for health, efficiency and general well-being of workers" 29 U.S.C. § 202(a). To achieve its goals, the FLSA sets minimum wage and overtime pay requirements for covered employers. 29 U.S.C. §§ 206(a) & 207(a).

2. Employers must compensate employees for all work that employers permit employees to perform. See 29 C.F.R. § 785.11. In such cases, it is the responsibility of employers' management to ensure that work is not performed if management does not desire for such work to be performed. 29 C.F.R. § 785.13. Employers may not accept the benefits of employees performing work without compensating the employees for their work. Id.

3. Plaintiffs and all similarly situated employees bring this action against Defendants for unlawful failure to pay overtime wages in direct violation of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA") and specifically the overtime provision of the Act found at §207(a).

4. For at least three (3) years prior to the filing of this action, Defendants had a consistent policy and practice of requiring its employees to work well in excess of forty (40) hours per week without paying them time and a half for hours worked over forty (40) hours per week.

5. For at least three (3) years prior to the filing of this action, Plaintiffs worked at least five to ten (5-10) hours in excess of forty (40) hours per week and were not paid time and a half.

6. For at least three (3) years prior to the filing of this action, Defendants had a consistent policy and practice of misclassifying certain employees as independent contractors.

7. Plaintiffs and all similarly situated employees seek to recover unpaid overtime compensation, overpayment of employment tax compensation, and an equal amount of liquidated damages, including interest thereon, statutory penalties, attorneys' fees and costs pursuant to 29 U.S.C. §216(b).

## JURISDICTION AND VENUE

8. This Court has jurisdiction over the subject matter and the parties hereto pursuant to 29 U.S.C. § 216(b), and 28 U.S.C. § 1331.

9. Venue is proper under 28 U.S.C. §1391(b) because all or a substantial part of the events or omissions giving rise to the claims occurred in this District.

10. The named Defendants, by virtue of their own acts and omissions or by virtue of the acts and omissions committed by one or more of their agents, employees or representatives, as described herein, have conducted business or caused events to occur within the District of Arizona and, more particularly, within Maricopa County, Arizona, as more particularly described herein so as to give rise to both subject matter and personal jurisdiction of this Court.

## PARTIES

11. At all times material hereto, Plaintiffs were and continue to be residents of Maricopa County, Arizona.

12. At all times material hereto, Amazon.com, Inc. was incorporated in the State of Delaware and regularly conducts business in Arizona.

13. At all times material hereto, Courier Logistics Services, L.L.C was incorporated

in the State of Florida and regularly conducts business in Arizona.

## FACTUAL BACKGROUND

14. Courier Logistics Services, L.L.C. is a courier and delivery service that has a contract with Amazon, Inc.

15. Courier Logistics Services, L.L.C. has been engaged by Amazon.com, Inc. to provide one to two hour deliveries to Amazon's "Prime Now" customers based on orders placed via the Amazon Prime Now mobile application.

16. Amazon customers place their order in the Prime Now mobile application and pick a two-hour delivery window or a one-hour deliver window for an additional fee.

17. The customer can then use the Prime Now mobile application to track the Delivery Driver's progress and route from the warehouse to their home in real-time.

18. The Prime Now mobile application suggests a default tip of $5.00 for the Delivery Driver, which the customer can modify. The Prime Now mobile application tells customers that: "If you elect to leave a tip, the entire tip goes to your courier." Couriers are prohibited from accepting cash tips.

19. Courier Logistics Services, L.L.C. received a contract with Amazon and upon information and belief currently employs hundreds of drivers in Phoenix to perform courier and delivery services.

20. Delivery drivers reported to and worked exclusively out of an Amazon warehouse.

21. Delivery drivers received multiple days of training in making Amazon Prime Now deliveries at the Amazon warehouse.

22. Delivery drivers are required to wear shirts and hats bearing the Amazon Prime Now logo and Amazon and Courier Logistics provide delivery drivers with a smart phone pre-loaded with the Prime Now mobile application.

23. Delivery drivers are scheduled to work fixed shifts during Amazon's Prime Now service hours. Delivery Drivers are mandated and required to report to the Amazon warehouse 15 minutes before their scheduled start time, time for which they receive no compensation at all.

24. Delivery drivers check in with a dispatcher at the beginning of the shift and check out with the dispatcher at the end of the shift.

25. After checking-in at the Amazon warehouse, delivery drivers then wait for the Amazon dispatcher to assign packages for delivery. The delivery drivers then scan each package into the App for real time tracking.

26. Amazon decides which packages will be assigned to delivery drivers and makes their work assignments.

27. Delivery drivers cannot reject work assignments.

28. The Prime Now mobile application creates the routes and directions for each delivery. Defendants track the delivery drivers while they are on deliveries.

29. After making a delivery, delivery drivers are required to ask customers to complete an Amazon customer service survey.

30. Plaintiffs are paid by the hour as alleged independent contractors at rates solely determined by the Defendants.

31. Delivery drivers perform the deliveries in their own personal vehicles.

32. On information and belief, Defendants Amazon.com, Inc. and Courier Logistics Services, L.L.C. entered into an agreement with one another to provide the services that Plaintiff and the putative Plaintiffs provided. As such they shall collectively be referred to as "Defendants" for purposes of this Complaint.

33. Defendants Amazon.com, Inc. and Courier Logistics Services, L.L.C. each could hire or fire delivery drivers.

34. Defendants Amazon.com, Inc. and Courier Logistics Services, L.L.C. each had authority to set the wages of delivery drivers.

35. Defendants Amazon.com, Inc. and Courier Logistics Services, L.L.C. each had authority to control the manner in which delivery drivers performed their work, including instructing delivery drivers when and where to report to work.

36. Defendants Amazon.com, Inc. and Courier Logistics Services, L.L.C. each had control over delivery driver's working conditions.

37. Defendants Amazon.com, Inc. and Courier Logistics Services, L.L.C. each suffered and permitted Plaintiffs to work.

38. Defendants Amazon.com, Inc. and Courier Logistics Services, L.L.C. each engaged Plaintiffs to perform the work of a delivery driver.

39. Plaintiffs were always under the understanding that they worked for Defendants as a whole, not any single entity. Both Defendants are joint employers of Plaintiffs under the FLSA.

40. Defendants hired Plaintiff Daniel Curry as an hourly paid delivery driver from approximately October 27, 2015 through December 5, 2015.

41. Defendants paid Plaintiff Daniel Curry $16 per hour.

42. Defendants hired Plaintiff Tyrone Harris as an hourly paid delivery driver from

approximately October 10, 2015 through December 5, 2015.

43. Defendants paid Plaintiff Tyrone Harris $16 per hour.

44. Defendants hired Plaintiff Tyechia Webb as an hourly paid delivery driver from approximately October 19, 2015 through December 5, 2015.

45. Defendants paid Plaintiff Tyechia Webb $16 per hour.

46. Defendants hired Plaintiff Nicholas Mason as an hourly paid delivery driver from approximately October 31, 2015 through December 8, 2015.

47. Defendants paid Plaintiff Nicholas Mason $16 per hour.

48. Defendants misclassified Plaintiffs as independent contractors.

49. Defendants attempted to create an independent contractor relationship with Plaintiffs even though they were employees.

50. Defendants suffered and permitted Plaintiffs to work for Defendants without properly compensating Plaintiffs for all their time spent working.

51. Defendants had complete control over the manner in which Plaintiffs would complete their work. Plaintiffs followed Defendants' strict and rigid requirements for the performance of their work.

52. Defendants had the complete authority to exercise complete control with respect to all details of the employment relationship between the parties.

53. The work Plaintiffs performed was not for a finite period of time as Plaintiffs were directed to report to the warehouse daily.

54. Plaintiffs were not allowed to take on any other work while in the employ of Defendants.

55. Plaintiffs had no opportunity for profit or loss depending upon their skill as they were paid a consistent, hourly wage for the work they did for Defendants. Plaintiffs were not given the opportunity to earn more based on their skill.

56. Plaintiffs made no investment in equipment to perform their work with Defendants.

57. Plaintiffs' work was integral to Defendants' operation.

58. Defendants were in the operation of a courier and delivery service

59. Plaintiffs' tasks were directly related to the actual courier and delivery services.

60. If Defendants did not employ delivery drivers, Defendants' business would cease to operate.

61. Plaintiffs were non-exempt employees.

62. Plaintiffs were not managers.

63. Plaintiffs did not exercise discretion and independent judgment with respect to matters of significance.

64. Upon information and belief, delivery drivers also never received the full amount of tips customers left for them on the Prime Now mobile application.

65. From 2015 and continuing through the present, Defendants failed to properly compensate Plaintiffs and all similarly situated employees for any of their overtime hours. During this time, Plaintiffs and all similarly situated employees were regularly scheduled to work approximately 41-55 hours per week. Plaintiffs also routinely worked additional shifts.

66. Upon information and belief, the records concerning the number of hours worked and amounts paid to Plaintiffs and all similarly situated employees are in the possession and

custody of the Defendants.

67. Defendants' failure and/or refusal to properly compensate Plaintiffs and all similarly situated employees at the rates and amounts required by the FSLA were/was willful.

68. Defendants refused and/or failed to properly disclose to or apprise Plaintiffs and all similarly situated employees of their rights under the FLSA.

69. At all relevant times, Plaintiffs and all similarly situated employees were "employees" of Defendants, as defined by 29 U.S.C. §203(e)(1).

70. The provisions set forth in 29 U.S.C § 206 and § 207, respectively, of the FLSA apply to Defendants.

71. At all relevant times, Defendants were and continue to be an employer as defined in 29 U.S.C. § 203(d).

72. At all times material to this action, each of the Defendants was and continues to be an "enterprise engaged in commerce or in the production of goods for commerce" as defined by 29 U.S.C. § 203(s)(1).

73. On information and belief, at all relevant times, the annual gross revenue of Defendants exceeded, and continues to exceed, $500,000.00.

74. The additional persons who may become Plaintiffs in this action "worked" for Defendants, held similar positions as delivery drivers as Plaintiffs, and worked at least one (1) hours in excess of forty (40) hours during one or more work weeks during the relevant time periods, and did not receive pay at one and one-half times their regular rate of pay for all of their hours worked in excess of forty (40) hours, or were misclassified as independent contractors.

75. As required by 29 U.S.C. § 216(b), Plaintiffs' Consent to Become a Party Plaintiff will be filed contemporaneously to this Complaint.

76. Plaintiffs have retained the law firm of Phillips Dayes National Employment Law Firm, P.C., to represent them in this litigation and have agreed to pay a reasonable fee for the services rendered in the prosecution of this action on his behalf.

## COUNT ONE
## VIOLATION OF FAIR LABOR STANDARDS ACT §207

77. Plaintiffs incorporate and adopt paragraphs 1 through 76 above as if fully set forth herein.

78. While employed by Defendants, Plaintiffs and all similarly situated employees consistently and regularly worked multiple hours of overtime a week.

79. Defendants has intentionally failed and/or refused to pay Plaintiffs and all similarly situated employees overtime according to the provisions of the FLSA.

80. Defendants further has engaged in a widespread pattern and practice of violating the provisions of the FLSA by failing to pay Plaintiffs and all similarly situated employees in accordance with § 207 of the FLSA.

81. There are numerous similarly situated employees and former employees of Defendants who have been improperly compensated in violation of the FLSA and who would benefit from the issuance of Court Supervised Notice of the present lawsuit and the opportunity to join the present lawsuit.

82. The similarly situated employees are approximately over 300 present and former employees who have the same job description as Plaintiffs and perform the same or similar job functions.

83. Those similarly situated employees are known to Defendants and are readily identifiable and locatable through Defendants' records. Specifically, all current employees and former employees of Defendant who have been employed with Defendants in the roles of delivery drivers would benefit from Court Supervised Notice and the opportunity to join the present lawsuit and should be so notified.

84. As a result of Defendants' violations of the FLSA, Plaintiffs and all similarly situated employees have suffered damages by failing to receive compensation in accordance with § 207 of the FLSA.

85. Under 20 U.S.C. §216 Defendants are liable to Plaintiffs and all similarly situated employees for an amount equal to one and one-half times their regular pay rate for each hour of overtime worked per week.

86. In addition to the amount of unpaid wages owed to Plaintiffs and all similarly situated employees are also entitled to recover an additional equal amount as liquidated damages pursuant to 29 U.S.C. § 216(b).

87. Defendants' actions in failing to compensate Plaintiffs and all similarly situated employees, in violation of the FLSA, were willful.

88. Defendants have not made a good faith effort to comply with the FLSA.

89. Plaintiffs are also entitled to an award of attorneys' fees pursuant to 29 U.S.C. § 216(b).

WHEREFORE, Plaintiffs respectfully requests that judgment be entered in his favor against Defendants:

    a. Awarding Plaintiffs and all similarly situated employees overtime compensation in the amount due to him for all of Plaintiffs and all similarly

situated employees 's time worked in excess of forty (40) hours per work week at an amount equal to one and one-half times Plaintiffs and all similarly situated employees 's regular rate while at work at Defendant Defendants;

b. Awarding Plaintiffs and all similarly situated employees liquidated damages in an amount equal to the overtime award;

c. Awarding Plaintiffs and all similarly situated employees reasonable attorneys' fees and costs and expenses of the litigation pursuant to 29 U.S.C. § 216(b);

d. For Plaintiffs' and all similarly situated employees 's costs incurred in this action;

e. Awarding Plaintiffs and all similarly situated employees pre-judgment interest, at the highest legal rate, on all amounts set forth in subsections (a) and (b) above from the date of the payment due for that pay period until paid in full;

f. Awarding Plaintiffs and all similarly situated employees post-judgment interest, at the highest legal rate, on all awards from the date of such award until paid in full;

g. Granting Plaintiffs an Order, on an expedited basis, allowing him to send Notice of this action, pursuant to 29 U.S.C. § 216(b) , to those similarly situated to Plaintiff; and

h. For such other and further relief as the Court deems just and proper.

## COUNT TWO
## MISCLASSIFICATION AS INDEPENDENT CONTRACTOR

90. Plaintiffs incorporate and adopt paragraphs 1 through 89 above as if fully set forth herein.

91. Plaintiffs and all similarly situated employees' working relationships with Defendants as described above were as employees.

92. Defendants misclassified Plaintiffs and all similarly situated employees as independent contractors.

93. In addition to providing Defendants with presumed justification to violate the FLSA, the misclassification also allowed Defendants not to pay employment taxes, shifting the burden onto the Plaintiffs and all similarly situated employees in the form of self-employment taxes.

94. As a direct and proximate result of the misclassification, Plaintiffs and all similarly situated employees are entitled to compensation for payment of excess taxes and other lost benefits of the employer/employee relationship.

WHEREFORE, Plaintiffs respectfully requests that judgment be entered in their favor against Defendants:

    a. Awarding Plaintiffs and all similarly situated employees the difference between the amount that should have been taxed if Plaintiffs were appropriately classified and the amount that Plaintiffs actually paid in self employment tax.

    b. Awarding Plaintiffs and all similarly situated employees liquidated damages in an amount equal to the self-employment tax award;

    c. Awarding Plaintiffs and all similarly situated employees reasonable attorneys' fees and costs and expenses of the litigation pursuant to 29 U.S.C. § 216(b);

    d. For Plaintiffs' and all similarly situated employees 's costs incurred in this action;

    e. Awarding Plaintiffs and all similarly situated employees pre-judgment interest, at the highest legal rate, on all amounts set forth in subsections (a) and (b) above from the date of the payment due for that pay period until paid in full;

    f. Awarding Plaintiffs and all similarly situated employees post-judgment interest, at the highest legal rate, on all awards from the date of such award until paid in full;

    g. Granting Plaintiffs an Order, on an expedited basis, allowing him to send Notice of this action, pursuant to 29 U.S.C. § 216(b), to those similarly situated to Plaintiff; and

    h. For such other and further relief as the Court deems just and proper.

## COUNT THREE
## DECLARATORY JUDGMENT

95. Plaintiffs incorporate and adopt paragraphs 1 through 94 above as if fully set forth herein.

96. Plaintiffs and Defendants have an overtime compensation dispute pending.

97. The Court has jurisdiction to hear Plaintiffs' request for declaratory relief pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201–02.

98. Plaintiffs are entitled to declarations, and requests that the Court make declarations as to the following matters and as to other matters deemed appropriate by the Court:

    a. Defendants employed Plaintiffs.

    b. Defendants are engaged in an enterprise covered by the overtime provisions of the FLSA.

    c. Plaintiffs individually are covered by the overtime provisions of the FLSA.

    d. Plaintiffs were non- exempt employees pursuant to the FLSA.

    e. Defendants failed to maintain accurate time records in violation of the FLSA.

    f. Defendants failed and refused to make payments of overtime compensation to Plaintiffs, in violation of the provisions of the FLSA.

    g. Defendants' failures to pay overtime compensation to Plaintiffs were willful.

    h. Plaintiffs are entitled to damages in the amount of overtime compensation not paid by Defendants at the rate of one and one-half times Plaintiffs' regular rate of pay.

    i. Plaintiffs are entitled to an equal amount as liquidated damages.

    j. Plaintiffs are entitled to recover their costs and a reasonable attorney's fee incurred in prosecuting their claims.

99. It is in the public interest to have these declarations of rights recorded as Plaintiffs' declaratory judgment action serves the useful purposes of clarifying and settling the legal relations at issue, preventing future harm, and promoting the remedial purposes of the FLSA.

100. The declaratory judgment action further terminates and affords relief from uncertainty, insecurity, and controversy giving rise to the proceeding.

WHEREFORE, Plaintiffs respectfully request that judgment be entered in their favor against Defendants:

  a. Declaring, pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201–02, that the acts and practices complained of herein are in violation of the overtime and wage provisions of the FLSA;

  b. Awarding Plaintiffs their reasonable attorney's fees and the costs and expenses of the litigation pursuant to the FLSA; and

  c. For such other and further relief as the Court deems just and proper

## DEMAND FOR JURY TRIAL

Plaintiffs and all similarly situated employees hereby requests that upon trial of this action, all issues be submitted to and determined by a jury except those issues expressly reserved by law for determination by the Court.

Dated: January 5, 2016

                              Respectfully submitted,

                              **PHILLIPS DAYES NATIONAL EMPLOYMENT LAW FIRM PC**
                              By: /s/ Trey Dayes
                                  Trey Dayes
                                  Sean Davis
                                  Attorney for Plaintiff